

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICIA LUDWICZAK,

                Plaintiff,

          - against -

HITACHI CAPITAL AMERICA CORP.,

                Defendant.
------------------------------------------------------------X

Index No.: _____

**COMPLAINT**

**JUDGE McMAHON**

**05 CV 00198**

Plaintiff, Patricia Ludwiczak, by her attorney, Vincent R. Fontana, complains of defendant, Hitachi Capital America Corp., as follows:

### NATURE OF ACTION

1.    Plaintiff brings this action to remedy discrimination on the basis of sex in the terms, conditions, and privileges of employment and retaliation for opposition to unlawful conduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et. seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981(a) ("Title VII"), and the Equal Pay Act, 29 U.S.C. §206(d) ("EPA").

2.    Plaintiff seeks declaratory relief, compensatory, punitive and liquidated damages, and other appropriate legal and equitable relief pursuant to 42 U.S.C. §2000e-5(f) and the EPA.

### PARTIES

3.    Plaintiff is a female citizen and resident of the County of Westchester, State of New York. She was employed by defendant from December 16, 1991 to April 23, 2004, when she was wrongfully terminated by the defendant.

4. Upon information and belief, defendant Hitachi Capital America Corp. (hereinafter "Hitachi") was incorporated in October 1989 under the laws of the State of Delaware, commencing operations in April 1990.

5. Upon information and belief, Hitachi is headquartered in Norwalk, Connecticut but engages in business in the Southern District of New York and the United States Court of Appeals for the Second Circuit.

6. Upon information and belief, Hitachi engages in diversified leasing and financial services in several states and in the Southern District of New York. Upon information and belief, the Company offers asset-based financing solutions, focusing on vendor financing, automotive services, construction equipment finance, lease discounting and software financing, among other activities.

7. Upon information and belief, Hitachi does business within the Southern District of New York with Bank Leumi Leasing Corp., Citicorp Leasing, DRKW Finance (formerly Dresdner), GE Capital Corp., Tokyo Leasing USA and Wells Fargo Equipment Finance, Inc., among others. Additionally, most of the Company's banking relationships including its commercial paper and bank loans are with banks in the Southern District of New York.

8. Upon information and belief, Hitachi is an employer as defined in Title VII.

9. Upon information and belief, Hitachi is an employer as defined in the EPA.

2

## **JURISDICTION AND VENUE**

10. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331.

11. This Court has jurisdiction of this case under 28 U.S.C. §1332 on the basis there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because plaintiff resides within the Southern District of New York, and defendant engages in business within the Southern District.

13. Plaintiff has satisfied all conditions precedent to instituting this lawsuit by filing a complaint with the Equal Employment Opportunity Commission and receiving a right-to-sue letter (see Exhibit "A").  This action was commenced within ninety days of receipt of the EEOC's notification of right to sue.

## **FACTS**

14. For the 12.5 years of plaintiff's employment, Hitachi has engaged in a pattern and practice of discriminating against plaintiff because of her sex with respect to the terms, conditions and privileges of employment including, but not limited to, denial of promotions and compensating plaintiff less than comparably situated males.

15. From April 1994, until plaintiff was wrongfully terminated in April 2004, she held the position of Assistant Vice-President.

16. Notwithstanding performing at a level comparable to Vice-Presidents and Senior Vice-Presidents, plaintiff was never promoted above the position of Assistant Vice-President, notwithstanding the fact that plaintiff repeatedly requested a promotion.

17. During plaintiff's employment, she had occasion to advise Hitachi management that the then Chief Financial Officer had been harassing another female employee. Rather than ceasing to harass this other female employee after plaintiff complained, the harassment not only continued but continued with intensity.

18. Ever since plaintiff complained about the harassment said female employee received, plaintiff herself was denied promotions and opportunities for advancement, notwithstanding her frequent requests for promotions, and compensation equal to compensation afforded male employees performing comparable work.

19. This discriminatory conduct toward plaintiff was further evidenced when a male, John Chasse, was hired by Hitachi for the stated purpose of enabling plaintiff to expand her duties into the marketing area of the Company, which would have provided her with greater opportunities for advancement and higher income. However, instead of plaintiff being assigned to the Marketing Department, John Chasse was given the opportunity to pursue marketing opportunities, thus depriving plaintiff advancement opportunities.

20. In or about July 2002, Robert DeGenova was promoted to Senior Vice-President. Plaintiff was not promoted at that time or at any other time to Vice-President even though Mr. DeGenova and plaintiff acted as a team and together generated

substantial profits for the Company for several years. For the fiscal years ending March 31, 2001, 2002 and 2003, the plaintiff and Mr. DeGenova, acting as a team, generated approximately 65%, 116% and 58%, respectively of the Company's pre-tax income.

21.   Upon information and belief, throughout plaintiff's employment at Hitachi, Hitachi had 18 male employees at a Vice-President or above level and only one woman.

22.   As part of this ongoing pattern of discrimination, Senior Managers more closely scrutinized female employees than males as to when they came in, what time they left, how long they took for lunch and how much time they took for breaks. Additionally, numerous males in marketing positions throughout the different business segments, who were considered non-performers, kept their jobs for many years, including, upon information and belief, one male employee who was known to be stealing from the Company but was not immediately fired.

23.   Although Robert DeGenova and plaintiff worked as a team and performed the same duties and responsibilities, upon information and belief, he received a greater share of the bonus pool each year. For example, for fiscal year ending March 31, 2001, plaintiff received 25% of the bonus pool and Mr. DeGenova received 75%. Upon information and belief, in subsequent years, the split was 90-10, and 81-19, with plaintiff receiving 10% and 19%, respectively, and Mr. DeGenova receiving 90% and 81%, respectively.

24.   As of her termination in April 2004, plaintiff was entitled to a bonus of approximately $29,000, but she never received it. Upon information and belief, when other

employees had been terminated before the end of a bonus plan payout period, they had received their bonus.

## FIRST CLAIM FOR RELIEF

25. Plaintiff repeats and realleges paragraphs "1" through "24" of the Complaint as if fully set forth herein.

26. By the acts and practices described above, defendant discriminated against plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII.

27. Defendant acted with malice and reckless indifference to plaintiff's rights under Title VII.

28. Plaintiff is now suffering and will continue to suffer monetary damages and irreparable injury, including mental and other compensatory damages and humiliation, as a result of defendant's discriminatory conduct, unless and until the Court grants relief.

## SECOND CLAIM FOR RELIEF

29. Plaintiff repeats and realleges paragraphs "1" through "28" of the Complaint as if fully set forth herein.

30. By the acts and practices described above, defendant retaliated against plaintiff for her opposition to unlawful conduct in violation of Title VII.

31. Defendant acted with malice and reckless indifference to plaintiff's rights under Title VII.

32. Plaintiff is now suffering and will continue to suffer monetary damages and irreparable injury, including mental and other compensatory damages and humiliation, as a result of defendant's discriminatory conduct, unless and until the Court grants relief.

### THIRD CLAIM FOR RELIEF

33. Plaintiff repeats and realleges paragraphs "1" through "32" of the Complaint as if fully set forth herein.

34. By the acts and practices described above, defendant pays women less than men comparably employed, performing equal work on jobs requiring equal skill, effort and responsibility and performed under similar working conditions, all in violation of the EPA.

35. Plaintiff is now suffering and will continue to suffer monetary damages and irreparable injury, including mental and other compensatory damages and humiliation, as a result of defendant's discriminatory conduct, unless and until the Court grants relief.

### FOURTH CLAIM FOR RELIEF

36. Plaintiff repeats and realleges paragraphs "1" through "35" of the Complaint as if fully set forth herein.

37. As further evidence of defendant's discriminatory conduct toward plaintiff based on sex, plaintiff's office was moved to a cubicle next to a male employee who frequently made such statements as: "I just got fucked up the ass"; "How was her pussy?"; "Her pussy smells like fish".

38. After repeatedly hearing such comments, plaintiff utilized he Company complaint procedure relating to sexual harassment and hostile work environment but no action was taken against the harasser.

39. This offensive behavior continued through March 2004.

40. Defendant subjected plaintiff to a pattern or practice of frequent and pervasive sexual harassment and hostile work environment, all in violation of Title VII.

41. The effect of the practices complained of was to deprive plaintiff of equal employment opportunities.

42. The unlawful employment practices complained of were intentional.

43. Plaintiff is now suffering and will continue to suffer monetary damages and irreparable injury, including mental and other compensatory damages and humiliation, as a result of defendant's discriminatory conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment:

(a) declaring the acts and practices complained of to be in violation of Title VII and the Equal Pay Act;

(b) directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

(c) directing defendant to reinstate plaintiff to the position she would have occupied but for defendant's unlawful conduct and making her whole for all earnings she would have received but for defendant's unlawful conduct, including, but not limited to, wages, pensions, bonuses, and other lost benefits;

(d) directing defendant to pay an additional amount to compensate plaintiff for the emotional distress defendant's unlawful conduct has caused plaintiff;

(e) directing defendant to pay plaintiff additional amounts as punitive damages;

(f) awarding plaintiff such interest as is allowed by law;

(g) awarding plaintiff reasonable attorneys' fees and costs; and

(h) granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in this action.

Dated: Garden City, New York
January 10, 2005

                                        Yours, etc.,

                                        _____
                                        VINCENT R. FONTANA (VRF6292)
                                        Attorney for Plaintiff
                                        133 Stewart Avenue
                                        Garden City, NY  11530
                                        (516) 837-7351

I:\WP\ATTY\vrf\VRF-AttyFile\Pleadings\Ludwiczak Lit\Complaint.doc